**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-1895 & 25-1292
_____

UNITED STATES OF AMERICA

v.

CLARENCE GAFFNEY,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:20-cr-00660-001)
District Judge: Honorable Susan D. Wigenton
_____

Argued on March 26, 2026

Before: HARDIMAN, SCIRICA, and AMBRO, *Circuit Judges*.

(Filed: July 6, 2026)
_____

OPINION[*]
_____


HARDIMAN, *Circuit Judge*.

　　Clarence Gaffney appeals the District Court's order denying his request for an

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

evidentiary hearing on his motion to suppress. He also appeals his judgment of sentence. Perceiving no error in the District Court, we will affirm.

I

Gaffney was indicted for possession with intent to distribute heroin and cocaine (Counts One and Two), possession of a firearm by a convicted felon (Count Three), possession with intent to distribute heroin (Count Four), and possession of a firearm in furtherance of a drug trafficking crime (Count Five). He moved to suppress the heroin and firearm (the bases of Counts Three through Five) that law enforcement officers found in the fuse boxes of a vehicle he was driving.

The Government responded that law enforcement had probable cause to search the vehicle because Gaffney admitted he had marijuana in the vehicle and because the odor of marijuana was emanating from it. The Government also claimed that Gaffney consented to the search. In support of its contentions, the Government attached a police report that described law enforcement's interactions with Gaffney.

Gaffney denied that he made any admissions regarding marijuana or that he consented to the search. And he framed the issue as whether the officers had a "legal right to disassemble the interior of [his vehicle] without a search warrant." App. 46. As to the purported smell of marijuana emanating from the vehicle, Gaffney stated:

> The allegation of the Government that the police had probable cause to search the automobile because they smelled the odor of raw marijuana is also belied by the fact that if in fact they had smelled the odor of marijuana they would not have claimed that they had authority to search the vehicle based on consent. . . . In essence, throw all the possible reasons for the stop and search with the higher probability with each additional reason that one stick [sic].

2

App. 47.

The District Court held oral argument on the suppression motion. It noted that there was "no affidavit from [] Gaffney that would suggest that he did not give consent, that he did not say what the officers said he said." App. 80–81. The Court declined to hold an evidentiary hearing and denied the motion to suppress.

A jury found Gaffney guilty of Counts One through Four and not guilty of Count Five. The District Court sentenced him to 240 months' imprisonment on Counts One, Two, and Four and 120 months' imprisonment on Count Three, all to be served concurrently. In considering the sentencing factors in 18 U.S.C. § 3553(a), the Court referenced an incident where Gaffney allegedly possessed what appeared to be drug-stained documents:

> And I think one of the most concerning things is what has been alluded to regarding the paperwork you received and it was drug-soaked and you took it back to the jail, and you got it while you were here in the courtroom. So it just, for me, just shows a complete and total lack of respect for what we're doing here.

App. 623–24.

Gaffney timely appealed. In his opening brief, Gaffney contended that the District Court erred at sentencing by failing to ask whether his trial counsel had a conflict of interest as a potential witness in a pending criminal investigation into the drug-stained document incident. In view of Gaffney's brief, the Government agreed to a remand. We granted the parties' joint motion for a limited remand to the District Court for resentencing, where Gaffney would be represented by new counsel.

3

At resentencing, the Presentence Investigation Report (PSR) again included information about the drug-stained document incident. It noted that Gaffney possessed five drug-stained pages intermingled with paperwork he was bringing back from court and that he tried to take these documents into the detention facility. Laboratory testing confirmed that the documents tested positive for 9-Tetrahydrocannabinol (THC), the main psychoactive component of cannabis. Gaffney responded to the PSR by denying ever "being in possession of, or having any knowledge of, the [drug]-stained paperwork." App. 677. The Government did not pursue criminal charges.

At resentencing, the District Court imposed a lower sentence by 24 months, sentencing Gaffney to 216 months' imprisonment (plus the same 120-month concurrent sentence as before). Gaffney timely appealed, arguing that the District Court abused its discretion when it denied him an evidentiary hearing on his motion to suppress and violated his right to a sentence based on reliable information by considering the drug-stained document incident during his resentencing.

## II[1]

We first address the District Court's order denying Gaffney an evidentiary hearing. Such hearings "are not granted as a matter of course." *United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010); *see* Fed. R. Crim. P. 12(c)(1). Instead, a defendant

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review for abuse of discretion the District Court's order denying Gaffney an evidentiary hearing and the alleged procedural errors at sentencing. *United States v. Hines*, 628 F.3d 101, 104 (3d Cir. 2010); *United States v. Tomko*, 562 F.3d 558, 567–68 (3d Cir. 2009) (en banc).

must: "(1) state a colorable legal claim, (2) identify facts material to that claim, (3) show why the facts are disputed, and then (4) request a hearing to resolve the dispute." *Id.* at 108. The defendant's motion must be "sufficiently specific, non-conjectural, and detailed" to show the court the legal claim and disputed issues of fact. *Id.* at 105.

Gaffney did not meet this standard because he failed to dispute one of the bases of probable cause to search the vehicle: whether it smelled like marijuana. Instead, Gaffney made a legal argument to the District Court: that the Government's version of events was untrustworthy because law enforcement provided multiple justifications for searching the vehicle. According to Gaffney's flawed logic, because the officers offered multiple justifications, their claim about the smell of marijuana had to be incredible. *See* App. 47 ("[I]f . . . they had smelled the odor of marijuana they would not have claimed that they had authority to search the vehicle based on consent.").

The marijuana odor issue also arose multiple times at oral argument in the District Court. Gaffney's counsel argued that the breadth of the search "exceeded the balance of a search based on plain smell." App. 54–55. And counsel questioned why the officers needed consent if the vehicle smelled like marijuana. *See* App. 63 ("[I]f they did smell marijuana, they had every right to search the vehicle. However, why do they put down that they got consent?"); App. 78 (counsel stating that the police report "doesn't ring true to me" because the officers gave "how many different reasons . . . I mean, [the report] just goes on and on and on").

The smell of marijuana, standing alone, justified a search of the vehicle under the automobile exception to the warrant requirement. *United States v. Donahue*, 764 F.3d

5

293, 299–300 (3d Cir. 2014); *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir. 2006).

Gaffney never pointed to evidence of record that undermined the officers' statements that

the car smelled of marijuana. Nor did his counsel, in the briefs or at oral argument,

challenge that factual predicate that justified the search. As noted, counsel made a legal

argument based on a fallacy. That was not enough to entitle Gaffney to an evidentiary

hearing. *Hines*, 628 F.3d at 108. So the District Court did not err in denying him one.[2]

III

Gaffney next argues that the information about the drug-stained document incident

lacked sufficient indicia of reliability for the Court to rely on it in fashioning his sentence.

*See United States v. Berry*, 553 F.3d 273, 280 (3d Cir. 2009). We need not decide that

issue because the record shows that the incident did not influence Gaffney's sentence.

At Gaffney's resentencing, the District Court twice mentioned the incident in

question. The first time was an innocuous explanation about the resentencing and why

Gaffney was represented by different counsel. The Court stated:

> [W]e have a different lawyer because of the circumstances involving the drug-soaked papers going into the jail. I understand you're not charged with it. . . . It's certainly been something the Court has been aware. I'm not punishing you for that, *but it is a factor. It is as simple as that. It is a factor for the Court's consideration*. . . . But it doesn't change the facts of the trial. It doesn't change the facts of your arrest, the history that you

---

[2] Gaffney is right that the District Court relied heavily on the lack of an affidavit in declining to hold an evidentiary hearing. It effectively accepted the Government's account as true simply because it was not contradicted by a sworn statement from Gaffney. Had the District Court relied exclusively on the lack of an affidavit, that would have been error. A sworn affidavit is not always required to trigger an evidentiary hearing on a motion to suppress. But the Court's focus was on the absence of evidence in the record to countermand the officers' statements about the odor of marijuana emanating from the vehicle.

possessed at the time you were arrested, the testimony that you gave.

App. 840 (emphasis added). The second mention occurred at the end of the resentencing hearing, in response to a defense objection regarding any consideration of the incident. There, the Court stated: "I just want to be clear. The sentence is not imposed because of that event. It's an event that I referenced because it occurred. It is not imposed because of that event." App. 851.

When the two references to the drug-stained documents are viewed in context, we are convinced that the District Court cited the incident as a matter of historical fact, not because it affected Gaffney's sentence. As the Court explained, it noted the event only "because it occurred." App. 851. That clarification undermines the notion of "actual reliance by the [C]ourt on the [report] when determining the sentence." *United States v. Ferguson*, 876 F.3d 512, 517 (3d Cir. 2017); *see id.* at 517–18 (affirming a sentence because the district court's reference to the defendant's prior arrests was "insignificant in context").[3]

* * *

---

[3] In any event, the report describing the incident had "sufficient indicia of reliability to support its probable accuracy" and established the facts surrounding the incident by a preponderance of the evidence. *Berry*, 553 F.3d at 279 (citation omitted). The report provided to the District Court described the appearance of the documents, stated that Gaffney refused to accept copies of the documents and instead requested that the originals be mailed to a third party, and explained that the documents field-tested positive for a controlled substance. It was signed by a supervisor, and it included a confiscated-property form as well as images depicting the documents and the field-test kit. According to the PSR, a Drug Enforcement Administration laboratory report confirmed that the documents were stained with THC. So had the Court considered the incident in imposing sentence, it would not have been an abuse of discretion.

7

For the stated reasons, we will affirm.


Evan J. Austin **[Argued]**
Office of Federal Public Defender
for the District of New Jersey

    *Counsel for Appellant*

Mark E. Coyne
Jane Dattilo **[Argued]**
Norman Gross
Office of the United States Attorney
for the District of New Jersey

    *Counsel for Appellee*

AMBRO, *Circuit Judge*, concurring in part and concurring in the judgment.

I join the majority's affirmance. However, I am unconvinced "that the District Court cited the [drug-stained documents] incident as a matter of historical fact, not because it affected Gaffney's sentence." Maj. Op. 7.

The District Court relied heavily on the incident in the initial sentencing in 2023, describing it as "one of the most concerning things" the Court considered. App. 623. At re-sentencing, the Court repeatedly framed its analysis as a response to the question: "What is different from the initial sentencing?" *See* App. 835, 839, 846, 847–48. Each time it asked that question, it emphasized that the *only* difference was additional mitigating information about Gaffney's background. It explicitly clarified that "nothing" else was different. App. 846. Regarding the incident, the Court stated that it "underst[ood] [Gaffney was] not charged with it," but immediately followed that statement with, "I told you then, back in 2023, that I'm aware of that." App. 840. The record strongly suggests that its consideration of the incident did not change between the 2023 sentencing and the re-sentencing.

I would not allow the Court's *post hoc* disclaimer—given in response to an objection, after it had already imposed the sentence—to swallow up "the context of the overall proceeding." *Rios v. Wiley*, 201 F.3d 257, 269 (3d Cir. 2000). Therefore, I would affirm the District Court's sentence solely because the incident reports had "sufficient indicia of reliability to support their probable accuracy." *United States v. Leekins*, 493 F.3d 143, 149 (3d Cir. 2007) (citation modified).

1